**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case ID No.: 2110006423 |
| | ) | |
| | ) | |
| TITUS LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

*Upon Consideration of Defendant's Motion for Reargument*
**DENIED.**

**ORDER**

Submitted: November 14, 2022
Decided: January 3, 2023

This 3rd day of January, 2023, upon consideration of the Motion for Reargument brought by Defendant Titus Lewis, it appears to the Court that:

1. On July 12, 2022, a grand jury indicted Mr. Lewis with four counts of Robbery in the First Degree, one count of Burglary in the First Degree, two counts of Possession of a Firearm During the Commission of a Felony, two counts of Assault in the Second Degree, one count of Aggravated Menacing, one count of

1

Conspiracy in the Second Degree, and one count of Terroristic Threatening.

2. Mr. Lewis moved to dismiss all charges of the indictment on July 16, 2022, alleging a violation of his Sixth Amendment right to a speedy trial. The Court denied the motion that day. Mr. Lewis filed this motion for reargument on July 19, 2022.

3. The Court will only grant reargument when it has overlooked controlling precedent or legal principles, or misapprehended the law or facts in a way that would have changed the outcome of the underlying decision.[1] Reargument is not an opportunity for a party to revisit arguments already decided by the Court.[2]

4. As with his motion to dismiss, Mr. Lewis seeks reargument almost exclusively based on the United States Supreme Court's holding in *Barker v. Wingo*.[3] A speedy trial challenge under *Barker* necessitates the Court to balance four (4) factors: (1) the length of the delay between arrest or indictment and trial; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant from the delay.

---

[1] *See Peters ex rel. Peters v. Texas Instruments, Inc.*, 2012 WL 1622396, at *1 (Del. Super. May 7, 2012), *aff'd*, 58 A.3d 414 (Del. 2013), as revised (Jan. 9, 2013).
[2] *See id.*
[3] 407 U.S. 514, 530 (1972).

5. In deciding Mr. Lewis's motion to dismiss on July 16, the Court took into account all relevant factual circumstances of his case, conducted a thorough *Barker* analysis, and found the State did not violate his right to a speedy trial. By way of review, the Court held that although the 234-day gap between arrest and trial date was presumptively prejudicial, Mr. Lewis's pre-indictment plea negotiations were responsible for the delay.

6. The present motion presents nothing beyond the argument Mr. Lewis made on July 16. The Court notes, again, that reargument's purpose is not simply to tell the Court it is wrong.

7. For the foregoing reasons, Mr. Lewis's motion for reargument of the order denying dismissal is **DENIED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

CC: Jeff Rigby, DAG
      Alicia Porter, Esq.